UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO RAMOS, | : | CIVIL NO: 1:10-CV-01533 |
| Plaintiff | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| JEFFREY A. BEARD, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on July 23, 2010. The plaintiff filed an amended complaint on August 23, 2010, claiming that certain conditions and incidents of his confinement at the State Correctional Institution at Dallas (SCI-Dallas) violate his Eighth Amendment rights.

The plaintiff's request to proceed *in forma pauperis* was granted on August 2, 2010. The plaintiff's request for the appointment of counsel was denied on December 29, 2010.

The plaintiff names as defendants Jeffrey A. Beard, the Secretary of the Pennsylvania Department of Corrections, and

the following prison officials and officers at SCI-Dallas: Michael Klopotoski, the former Superintendent; Benjamin Barsh, a counselor; Lieutenant David Mosier; Corrections Officer Robert McCoy; Corrections Officer Wilk; Corrections Officer Walters; Corrections Officer Hogan; and Charles McKeown, a hearing examiner.

The plaintiff alleges the following facts in his amended complaint in support of his claims against defendants Klopotoski and Beard.

Beginning in January 2009, defendant McCoy and other corrections officers conducted a campaign of harassment and mental torture against the plaintiff. Doc. 11 at ¶ 7, 28. On numerous occasions, defendant McCoy denied the plaintiff showers and denied or tampered with the plaintiff's food trays. *Id.* at ¶ 7-8. When the plaintiff submitted an inmate request to staff form complaining about his treatment, defendant McCoy retaliated by issuing misconduct charges against the plaintiff. *Id.* at ¶ 9-11. At a hearing for the misconduct charges, the plaintiff was sanctioned and assigned to disciplinary custody in the Restrictive Housing Unit (RHU). *Id.* at ¶ 15. The corrections officers continued a campaign of harassment and

2

torture against the plaintiff, depriving him of food trays and showers, accusing him of a crime he did not commit, and making threats against his life.  *Id.* at ¶ 17, 25.

The plaintiff alleges that defendants Klopotoski and Beard were fully aware of defendant McCoy's campaign of harassment and mental torture against him but refused to investigate or to prevent the violations.  *Id.* at ¶ 32, 41-42.  On April 8, 2009, the plaintiff submitted a written complaint, in the form of an inmate request to staff, to defendant Klopotoski alleging that defendant McCoy had accused the plaintiff of a crime that he did not commit.  *Id.* at ¶ 27.  The plaintiff submitted additional written complaints to defendant Klopotoski on September 15, September 17, and September 27, 2009.  *Id.* at ¶ 28-30.  The written complaints stated that defendant McCoy had made a death threat against the plaintiff and that defendant McCoy was denying him showers and was denying or tampering with his food trays.  *Id.* at ¶ 28-30.  Defendant Klopotoski deliberately ignored the plaintiff's concerns and never answered or acted upon the written complaints.  *Id.* at ¶ 28-31.

On September 30, 2009, defendants Beard and Klopotoski visited the RHU.  *Id.* at ¶ 35.  The plaintiff called out to

3

defendant Beard, who stopped in front of the plaintiff's cell. *Id.* at ¶ 36. The plaintiff informed defendant Beard that corrections officers were denying him showers and were denying or tampering with his food trays. *Id.* at ¶ 37. Defendant Beard acted indifferently and asked the plaintiff to whom he was addressing his complaint. *Id.* at ¶ 37. The plaintiff further alleges that, on November 11, 2005, he had sent a letter notifying defendant Beard about defendant McCoy's death threats against him. *Id.* at ¶ 38. Defendant Beard never investigated the claims or responded to that letter. *Id.* The plaintiff sent an additional letter to defendant Beard, informing him of defendant McCoy's abuse of authority which defendant Beard never investigated. *Id. at* ¶ 39. Because of the plaintiff's complaints, defendant Beard was fully aware of defendant McCoy's abuse of authority and Eighth Amendment violations against the plaintiff. *Id.* at ¶ 39, 40. Defendant Beard refused to personally investigate the plaintiff's claims against defendant McCoy and deliberately ignored the plaintiff's pleas to relieve his suffering. *Id.* at ¶ 40, 42.

In a Memorandum and Order (doc. 20) dated October 6, 2010, the court dismissed a number of the claims in the plaintiff's amended complaint and remanded the case for further proceedings

on the remaining claims. The remaining claims include: Eighth Amendment conditions of confinement claims against defendants McCoy, Hogan, Wilk, Walters, Klopotoski, Beard, and Mosier; an Eighth Amendment failure-to-protect claim against defendant Barsh; and retaliation claims against defendants McCoy, Hogan, and McKeown.

On December 22, 2010, defendants Klopotoski and Beard filed a motion (doc. 36) to dismiss the plaintiff's claims in the amended complaint as to them and a brief (doc. 37) in support of their motion. These two defendants argue that the plaintiff's amended complaint fails to state a claim upon which relief can be granted that they were deliberately indifferent to a serious threat of harm to the plaintiff. On January 4, 2011, the plaintiff filed a brief (doc. 44) in opposition to the motion to dismiss.

II. Motion to Dismiss and Pleading Standard.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the

5

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume

6

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

Defendants Klopotoski and Beard contend that the plaintiff's amended complaint fails to state an Eighth Amendment claim against them upon which relief can be granted. The defendants argue that the plaintiff did not plead allegations showing that the defendants were personally involved in the alleged constitutional violations.

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."

*Id.; see also Atkinson v. Taylor*, 316 F.3d 257, 270 (3d Cir. 2003).

For the reasons below, we conclude that the defendants' motion to dismiss should be denied because the amended complaint adequately alleges that defendants Klopotoski and Beard were personally involved in the alleged constitutional violations and does not base claims against them solely upon their supervisory positions.

The plaintiff does not allege that either defendant Klopotoski or Beard personally directed the Eighth Amendment violations. Instead, the plaintiff alleges that the defendants were fully aware of the violations because he submitted written complaints to them and he spoke to them about the violations and because they accordingly could have acted to prevent the violations but did not act.

A prison official's receipt of letters complaining of constitutional violations, without more, does not necessarily amount to personal involvement in the alleged violations. *See, e.g., Bullock v. Horn*, No. 3:CV-99-1402, 2000 U.S. Dist. LEXIS 20212, at *15-16 (M.D. Pa. Oct. 31, 2000) (holding that the

9

plaintiff's pleading that letters to the Secretary of the Pennsylvania Department of Corrections and the Superintendent of the prison were sent is not sufficient to allege personal involvement with the required particularity). However, correspondence with supervisory officials may constitute sufficient evidence of actual knowledge and acquiescence. *See Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003) (concluding that claims against supervisory officials could not be dismissed as a matter of law for lack of personal involvement where there was evidence that the plaintiff sent letters and made oral complaints to the supervisory officials).

We begin with the plaintiff's claims against defendant Klopotoski. The plaintiff sent four written complaints to defendant Klopotoski informing him of the conditions and incidents of confinement of which he complains in this case, and asking him to investigate the complaints and to prevent further violations. The three complaints that the plaintiff wrote in September informed defendant Klopotoski of the corrections officers' ongoing denial of showers and tampering with food trays. The plaintiff alleges that even though these written complaints made defendant Klopotoski fully aware of the alleged constitutional violations, defendant Klopotoski refused

10

to investigate the complaints and refused to prevent the corrections officers from continuing to violate the plaintiff's rights.  Furthermore, defendant Klopotoski was with defendant Beard when the plaintiff made his oral complaint.  Construing the amended complaint in the light most favorable to the plaintiff, it can be reasonably inferred that defendant Klopotoski heard the plaintiff's oral complaint to defendant Beard about the constitutional violations of his conditions of confinement.  Thus, the plaintiff has adequately pleaded that defendant Klopotoski knew of and acquiesced in the alleged constitutional violations.

We next consider the plaintiff's claims against defendant Beard.  The letter that the plaintiff sent to defendant Beard in November 2005 could not have made him aware of events that allegedly occurred during 2009.  However, the plaintiff also alleges that he orally complained to defendant Beard during his September 2009 tour of the RHU.  According to the amended complaint, when defendant Beard stopped in front of the plaintiff's cell, the plaintiff informed defendant Beard that the corrections officers were denying him showers and were tampering with his food trays.  It is alleged that defendant Beard acted in a deliberately indifferent manner and asked the

plaintiff to whom the plaintiff was addressing his complaint. It is alleged that defendant Beard never investigated the complaints or acted to prevent further violations of the plaintiff's rights. While these facts may not support liability even if found to be true when additional material facts are shown, we consider them to preclude dismissal based upon an inadequate pleading of personal involvement.

The plaintiff also alleges that defendant Beard was fully aware of defendant McCoy's misconduct against him because the plaintiff sent a letter, referred to as "Exhibit A" in the amended complaint, to defendant Beard. Exhibit A is a letter dated April 16, 2009, attached to the plaintiff's original complaint (doc. 1) that sets forth that defendant McCoy was waging a campaign of mental torture against the plaintiff by falsely accusing him of crimes and threatening his life. Because the plaintiff is proceeding *pro se*, we liberally construe the amended complaint to include this referenced exhibit. According to the amended complaint, the letter informed defendant Beard of defendant McCoy's allegedly illegal conduct against the plaintiff. The amended complaint sufficiently alleges facts which could support a finding that defendant Beard knew of and acquiesced in the alleged

constitutional violations by refusing to investigate the plaintiff's complaints and by failing to prevent further violations.

We conclude that the plaintiff's amended complaint (doc. 11) sufficiently alleges that defendants Klopotoski and Beard were personally involved in the alleged Eighth Amendment violations. Accordingly, the defendants' motion to dismiss should be denied.

In his brief (doc. 44) in opposition to the motion (doc. 36) to dismiss, the plaintiff argues that the defendants did not submit any affidavits in support of their motion. We note that in connection with a motion to dismiss under Fed.R.Civ.P. 12(b)(6) we consider only the pleadings.

IV. Recommendation.

Based on the discussion above, it is recommended that the motion (doc. 36) to dismiss the plaintiff's claims against

defendants Klopotoski and Beard be **DENIED** and that the case be remanded to the undersigned for further proceedings.

                                             ***/s/ J. Andrew Smyser***
                                             J. Andrew Smyser
                                             Magistrate Judge

Dated: March 7, 2011.